# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Andre T. Heatley Jr., Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2023-001526

---

## ON WRIT OF CERTIORARI TO THE COURT OF COMMON PLEAS

---

Appeal from Richland County
DeAndrea G. Benjamin, Trial Court Judge
Daniel Coble, Post-Conviction Relief Judge

---

Opinion No. 28344
Heard September 24, 2025 – Filed July 22, 2026

---

### AFFIRMED

---

Appellate Defender Gary Howard Johnson II, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General D. Russell Barlow II, Assistant Attorney General Bryan TyJarris Hall, all of Columbia, for Respondent.

---

**JUSTICE FEW:** The post-conviction relief (PCR) court denied Andre T. Heatley Jr. relief from his murder and armed robbery convictions, finding his trial counsel

was not ineffective when he did not request the circumstantial evidence jury charge set forth in *State v. Logan*, 405 S.C. 83, 747 S.E.2d 444 (2013). We granted Heatley's petition for a writ of certiorari to review the PCR court's decision. We now overrule *Logan* in part and affirm the PCR court.

## I. Facts and Procedural History

On January 28, 2016, Deanndra Roach left work and drove to a field off Farrow Road in Columbia. The State presented circumstantial evidence at trial that Heatley—Roach's former boyfriend—lured her to the field using instant messaging. When Roach arrived, Heatley shot her twelve times while she was still inside her car. Heatley took Roach's credit card and left her body in the field. Heatley attempted to withdraw cash from two ATMs using Roach's credit card. He then changed clothes before trying to withdraw cash from a third ATM. Heatley later used Roach's credit card to buy a watch online.

The State's case against Heatley was based primarily on circumstantial evidence. In addition to the instant messaging, other text messages revealed that prior to the murder Heatley told others about his plan to kill Roach and take her money. Cell phone location data placed the phones of Heatley and Roach together at the murder scene and then at the ATMs on the night of the murder. A firearms identification expert testified a bullet recovered from Roach's ear matched the gun discovered in Heatley's car upon his arrest.

The trial court gave a constitutionally sound reasonable doubt charge and instructed the jury generally using the circumstantial evidence charge this Court recommended in *State v. Grippon*, 327 S.C. 79, 489 S.E.2d 462 (1997). The jury convicted Heatley of murder and armed robbery. The court of appeals dismissed Heatley's direct appeal pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). *State v. Heatley*, Op. No. 2021-UP-265 (S.C. Ct. App. filed July 14, 2021).

Heatley then filed this PCR case alleging he received ineffective assistance of counsel when his trial counsel did not request a *Logan* circumstantial evidence charge.[1] In *Logan*, a majority of this Court stated it upheld the charge set forth in *Grippon* but "modif[ied]" it "to allow . . . additional language . . . if requested by a

_____

[1] We originally granted Heatley's petition for a writ of certiorari on two issues. After careful consideration, we dismiss the writ of certiorari as improvidently granted with respect to the other issue.

defendant," thus creating the "*Logan*" charge.  405 S.C. at 100, 747 S.E.2d at 453; *but see Logan*, 405 S.C. at 100-01, 747 S.E.2d at 453 (Kittredge, J., concurring in result) (characterizing the *Logan* majority as "overruling *Grippon*").  At the PCR hearing, Heatley's PCR counsel asked trial counsel if he was aware of the *Logan* charge.  Trial counsel responded, "I am now," revealing he was ignorant of *Logan* at the time of Heatley's trial.  The PCR court issued an order denying Heatley relief.  The PCR court ruled trial counsel's performance was not deficient and, even if it was, Heatley was not prejudiced "given the case against him."

## II.    Analysis

We begin by discussing the progression of cases involving different circumstantial evidence charges, including those from *Grippon* and *Logan*.  The various opinions in these cases have sparked confusion in the bench and bar.  *See generally Logan*, 405 S.C. at 100, 747 S.E.2d at 453 (referencing this Court's "commendabl[e]" efforts to "remove            from the jury's consideration regarding the weight and value afforded to circumstantial evidence").  To summarize this confusing progression, which we will spell out in more detail below with full citations to the opinions listed here, this Court required one version of a circumstantial evidence charge beginning at least as early as 1939 (*Kimbrell*, giving rise to the "traditional"—later referred to as the "*Littlejohn*" or "*Edwards*"—charge), ratified the traditional charge in 1955 (*Littlejohn*) and 1989 (*Edwards*), criticized aspects of the charge and modified it in 1991 (*Manning*) and 1995 (*Raffaldt*), abandoned the charge in 1997 (*Grippon*) in favor of a new charge, ratified the new *Grippon* charge in 2005 (*Cherry*), and then overruled *Grippon* and *Cherry* in 2013 (*Logan*) in favor of a modified version of the traditional "*Littlejohn*" charge, while in the same opinion (*Logan*) leaving room for a trial court to not follow *Logan* but charge according to *Grippon* and *Cherry*.  To further complicate this confusion, these decisions reflect frequent disagreement among individual members of the Court as shown by various concurring and dissenting opinions.  *See, e.g.*, *Grippon*, 327 S.C. at 84-89, 489 S.E.2d at 464-67 (Toal, J., concurring joined by Finney, C.J.); *State v. Cherry*, 361 S.C. 588, 602-06, 606 S.E.2d 475, 482-84 (2004) (Toal, C.J., dissenting joined by Lloyd, A.J.); *Logan*, 405 S.C. at 100-01, 747 S.E.2d at 453 (Kittredge, J., concurring in result joined by Pleicones, J.) (rejecting the *Logan* charge).

The arguments of both Heatley and the State reflect this confusion.  Heatley argues *Logan* "has become the standard in circumstantial evidence cases" and thus, Heatley's trial counsel was ineffective for not requesting a *Logan* charge.  The State argues *Grippon* is "still valid law" under *Logan* itself and, because a *Logan* charge is required only when requested by the defendant, it can never be deficient

performance to not request it. The State further argues that because the *Logan* Court upheld *Grippon*, it can never be error to charge *Grippon* over *Logan*. In hopes of eliminating all this confusion, we overrule *Logan* in part. We stand by the recommendation we made in *Grippon*, 327 S.C. at 83, 489 S.E.2d at 464, but overrule *Cherry* only to the extent it appeared to make the *Grippon* charge mandatory by calling it "the sole and exclusive charge to be given in circumstantial evidence cases," 361 S.C. at 601, 606 S.E.2d at 482.

We begin our more detailed review of the history of charging the jury on circumstantial evidence with *State v. Littlejohn*, 228 S.C. 324, 89 S.E.2d 924 (1955), a case which did not even involve a jury charge but presented only the question whether the State introduced sufficient circumstantial evidence to withstand the defendant's directed verdict motion, 228 S.C. at 326, 89 S.E.2d at 925.[2] In *Littlejohn*, the Court repeated its longstanding rule that when the State seeks to prove a defendant guilty using only circumstantial evidence, the jury should evaluate the evidence as follows:

> [I]t is necessary that every circumstance relied upon by the state be proven beyond a reasonable doubt; and that all of the circumstances so proven be consistent with each other and, taken together, point conclusively to the guilt of the accused to the exclusion of every other reasonable

---

[2] The difference between how a trial court treats circumstantial evidence on a motion for directed verdict and how a jury treats it during deliberations is a prominent source of the confusion we seek to eliminate. *See, e.g.*, *Logan*, 405 S.C. at 91-94, 747 S.E.2d at 448-49 (engaging in a lengthy discussion of *State v. Bostick*, 392 S.C. 134, 708 S.E.2d 774 (2011), and *State v. Odems*, 395 S.C. 582, 720 S.E.2d 48 (2011), then pointing out, "Both *Bostick* and *Odems* analyzed the standard relied on by the trial court in assessing circumstantial evidence, and not the standard relied on by jurors"); *see also Littlejohn*, 228 S.C. at 328-29, 89 S.E.2d at 926 (discussing the "test by which circumstantial evidence is to be measured by the jury in its deliberations" and how it differs from the test used by the "trial judge in his consideration of the accused's motion for a directed verdict"); *State v. Edwards*, 298 S.C. 272, 275, 379 S.E.2d 888, 889 (1989) (stating the *Littlejohn* test is the test to be used by a jury in evaluating circumstantial evidence, not "the test to be used by the *judge* in deciding a motion for a directed verdict where the evidence is circumstantial"). Our decision today should have no impact on how a trial court assesses the evidence when ruling on a motion for a directed verdict.

hypothesis. It is not sufficient that they create a probability, though a strong one; and if, assuming them to be true, they may be accounted for upon any reasonable hypothesis which does not include the guilt of the accused, the proof has failed.

228 S.C. at 328, 89 S.E.2d at 926 (relying on *State v. Kimbrell*, 191 S.C. 238, 242, 4 S.E.2d 121, 122 (1939)); *see also State v. Manis*, 214 S.C. 99, 101, 51 S.E.2d 370, 371 (1949) (reciting other decisions relying on *Kimbrell*).[3]

We affirmed *Littlejohn* over thirty years later (1989) in *Edwards*, another case that involved only a directed verdict question and not a jury charge. 298 S.C. at 274, 379 S.E.2d at 889. In *Manning* in 1991, we found the trial court "deviat[ed] from the *Edwards* charge"—in large part due to a faulty reasonable doubt charge[4]—in a manner that "turns the State's burden of proof on its head by requiring the jury find a 'reasonable explanation' of the evidence inconsistent with appellant's guilt before it can find him not guilty." 305 S.C. at 417, 409 S.E.2d at 374; *see also Raffaldt*, 318 S.C. 116, 456 S.E.2d 393 (finding a similar circumstantial evidence charge "was in error" but affirming due to a sound reasonable doubt charge).

In 1997 in *Grippon*, the defendant challenged at trial the traditional circumstantial evidence charge on the basis that we had forbidden the "reasonable hypothesis" language in *Raffaldt*. 327 S.C. at 82, 489 S.E.2d at 463. The trial court, "relying on . . . *Raffaldt* . . . , refused to include the 'reasonable hypothesis' language." *Id.* Although we stated the trial court "incorrectly read *Raffaldt* as a rejection of the 'reasonable hypothesis' phrase," *id.*, we nevertheless found the trial court did not err by excluding it from the jury charge, 327 S.C. at 83, 489 S.E.2d at 464. We explained "the better rule [was] posited in *Holland v. United States*, 348 U.S. 121, 75 S. Ct. 127, 99 L. Ed. 150 (1954)." 327 S.C. at 83, 489 S.E.2d at 464. We then

---

[3] The charge given in *Littlejohn* also stated "the jury must seek some explanation [of the circumstantial evidence] other than the guilt of the accused, and, if such reasonable explanation can be found, the jury cannot convict on such evidence." 228 S.C. at 329, 89 S.E.2d at 926. We strongly criticized this "seek" language in *State v. Manning*, 305 S.C. 413, 417, 409 S.E.2d 372, 374 (1991).

[4] *See State v. Raffaldt*, 318 S.C. 110, 115-16, 456 S.E.2d 390, 393 (1995) (discussing *Manning* and stating "the circumstantial evidence charge was read in conjunction with a constitutionally defective reasonable doubt charge").

"recommend[ed]" the following language as the standard jury charge "in a criminal case relying in whole or in part on circumstantial evidence, once a proper reasonable doubt instruction is given":

> There are two types of evidence which are generally presented during a trial—direct evidence and circumstantial evidence. Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact. The law makes absolutely no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should weigh all the evidence in the case. After weighing all the evidence, if you are not convinced of the guilt of the defendant beyond a reasonable doubt, you must find [the defendant] not guilty.

327 S.C. at 83-84, 489 S.E.2d at 464 (quoting 1 E. Devitt & C. Blackmar, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 12.04 (4th ed.1992)).

This became known as the *Grippon* charge.

Eight years later in *Cherry*, we took *Grippon* a step further and stated the *Grippon* charge was "the sole remaining charge to be utilized by the courts of this state in instructing juries in cases relying, in whole or in part, on circumstantial evidence." 361 S.C. at 597, 606 S.E.2d at 480. We again discussed *Holland*, stating "the United States Supreme Court . . . held there was no difference between direct and circumstantial evidence, and that consequently in federal court there was no requirement the trial judge charge the jury that the evidence must be such as to exclude every reasonable hypothesis but that of guilt." 361 S.C. at 597-98, 606 S.E.2d at 480. We acknowledged the *Holland* Court "reasoned that if the jury was properly instructed on the standards for reasonable doubt, a circumstantial evidence instruction was 'confusing and incorrect.'" 361 S.C. at 598, 606 S.E.2d at 480 (quoting *Holland*, 348 U.S. at 140, 75 S. Ct. at 137, 99 L. Ed. at 166). We emphasized that the standard for a jury to use to measure circumstantial evidence "is not" different from the standard it uses to measure direct evidence, and stated, "The standard remains whether the evidence reflects proof of the defendant's guilt beyond a reasonable doubt." 361 S.C. at 601, 606 S.E.2d at 482.

In 2013 in *Logan*, however, we again turned the tables on the circumstantial evidence charge. The defendant argued the trial court erred in instructing the jury using the *Grippon* charge. 405 S.C. at 86, 747 S.E.2d at 445. The *Logan* majority held "we modify *Grippon* and *Cherry* to allow . . . additional language . . . if requested by a defendant." 405 S.C. at 100, 747 S.E.2d at 453. The additional jury charge language stated:

> The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence, however, to the extent the State relies on circumstantial evidence, all of the circumstances must be consistent with each other, and when taken together, point conclusively to the guilt of the accused beyond a reasonable doubt. If these circumstances merely portray the defendant's behavior as suspicious, the proof has failed.

> The State has the burden of proving the defendant guilty beyond a reasonable doubt. This burden rests with the State regardless of whether the State relies on direct evidence, circumstantial evidence, or some combination of the two.

405 S.C. at 99, 747 S.E.2d at 452.

We overrule *Logan* in part. To be clear where this leaves trial courts in cases in which circumstantial evidence is a meaningful component of the evidence presented, we take a minute to highlight both the consistency and the difference between the *Grippon* charge and the *Logan* charge. This will help us clarify the effect of overruling *Logan*.

The two charges are consistent in that both contemplate the trial court will often find it useful to explain what circumstantial evidence is and how it is different from direct evidence. In *Grippon*, the Court recommended a charge that would accomplish this. 327 S.C. at 83-84, 489 S.E.2d at 464. *Logan* changed the language but not the substance of the *Grippon* recommendation on how to make this explanation. *See Logan*, 405 S.C. at 99, 747 S.E.2d at 452 ("Direct evidence directly proves the existence of a fact and does not require deduction. Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact."). The two charges are also consistent in that *Logan* reiterated the principle from *Grippon*—

again using slightly different language—there is no distinction to be made between the weight or value to be given to the two types of evidence. *Compare Grippon*, 327 S.C. at 83-84, 489 S.E.2d at 464, *with Logan*, 405 S.C. at 99, 747 S.E.2d at 452.

The two charges are different, however, in that *Logan* changed the manner in which the jury must evaluate circumstantial evidence. Under *Grippon*, the jury evaluates both types of evidence only under the reasonable doubt standard. *See Grippon*, 327 S.C. at 83-84, 489 S.E.2d at 464 ("After weighing all the evidence, if you are not convinced of the guilt of the defendant beyond a reasonable doubt, you must find [the defendant] not guilty."). Under *Logan*, the jury must take the additional step of finding that "the circumstances must be consistent with each other, and when taken together, point conclusively to the guilt of the accused." 405 S.C. at 99, 747 S.E.2d at 452; *see State v. Herndon*, 430 S.C. 367, 369 n.1, 845 S.E.2d 499, 500 n.1 (2020) (stating "we hereby modify the *Logan* charge by deleting" the words "all of"). *Logan* further requires the jury to consider whether "these circumstances merely portray the defendant's behavior as suspicious," in which situation *Logan* provides "the proof has failed." 405 S.C. at 99, 747 S.E.2d at 452.

To the extent *Logan* is consistent with *Grippon*, it stands. On the point as to which *Logan* is different, however, it falls. In this respect, we turn back to the rationale of *Holland*, in which the Supreme Court emphasized the reasonable doubt standard is the only standard on which a jury should be instructed. *See* 348 U.S. at 139-40, 75 S. Ct. at 137, 99 L. Ed. at 166 ("[W]here the jury is properly instructed on the standards for reasonable doubt, . . . an additional instruction on circumstantial evidence is confusing and incorrect."). The *Holland* Court continued, "If the jury is convinced beyond a reasonable doubt, we can require no more." 348 U.S. at 140, 75 S. Ct. at 137, 99 L. Ed. at 167. This is the point from *Holland* which we discussed and relied on in *Grippon*, 327 S.C. at 83, 489 S.E.2d at 464, and in *Cherry*, 361 S.C. at 597-98, 606 S.E.2d at 480. *See also Logan*, 405 S.C. at 101, 747 S.E.2d at 453 (Kittredge, J., concurring in result) ("All of the federal courts and the vast majority of state courts have adopted *Holland*. The reasoning and rationale for following *Holland* was persuasively set forth by this Court in *Cherry*, and I see no basis for rejecting *Holland*.").

Our entire Court now agrees with the concurring Justices in *Logan*. Therefore, in future cases in which circumstantial evidence is a meaningful component of the evidence presented, it will be prudent—often essential—to explain to the jury what the law says circumstantial evidence is, and to explain that the law provides the jury may give circumstantial and direct evidence equal weight. Whether this should be accomplished using the *Grippon* charge—or something similar to it—is a matter as

to which the trial court must carefully exercise its discretion. The trial court must— of course—give a constitutionally sound reasonable doubt charge. The trial court may not, however, add to the reasonable doubt standard by requiring the circumstances be consistent or point conclusively to guilt. The attorneys are free to argue that they are or are not consistent or that they do or do not point conclusively to guilt, but the trial court may not require such a finding when charging the jury.

At Heatley's trial, the trial court explained to the jury the difference between direct and circumstantial evidence along the lines of the *Grippon* charge. The court also gave the jury a constitutionally sound reasonable doubt charge. No more is required under *Holland* or under South Carolina law. Thus, we find Heatley's trial counsel was not deficient in not requesting a *Logan* charge.

### III. Conclusion

For the reasons explained above, we affirm the PCR court.

**AFFIRMED**.

**KITTREDGE, C.J., JAMES, HILL and VERDIN, JJ., concur.**